IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| SIGNAL 88, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>RTC SECURITY CO. LLC, and WARD ROWLANDS,<br><br>    Defendants. | Case No. _____<br><br>**COMPLAINT AND JURY DEMAND** |

COMES NOW Plaintiff, Signal 88, LLC, by and through its attorneys of record, and for its Complaint against Defendants, RTC Security Co. LLC, and Ward Rowlands, states and alleges as follows:

## I. NATURE OF ACTION

1. This is an action against Defendants for (1) Declaratory Judgment, (2) Breach of Contract, (3) Trademark Infringement and Unfair Competition, (4) Tortious Interference with Signal's Business Expectancies based on Defendants' improper and intentional use and disclosure of Signal's trade secrets and confidential and proprietary information and Defendants' improper contact with and solicitation of Signal's customers, (4) Misappropriation of Trade Secrets under the Nebraska Trade Secrets Act, Neb. Rev. Stat. § 87-501 et seq., and (5) Misappropriation of Trade Secrets pursuant to the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, et seq. as amended. Signal seeks declaratory and injunctive relief, as well as compensatory and punitive damages for Defendants' various wrongs.

## II. THE PARTIES

2. Signal 88, LLC ("Signal") is a Delaware limited liability company with its principal place of business at 3880 South 149th Street, Suite 102, Omaha, Douglas County, Nebraska, 68144.

3. RTC Security Co., LLC ("RTC") is a Pennsylvania limited liability with its principal place of business at 1497 Yeager Road, Royersford, Montgomery County Pennsylvania, 19468.

4. Ward Rowlands is an individual, the sole member of RTC, and personally guaranteed RTC's obligations under Signal and RTC's Franchise Agreement. Ward, at all material times, is and was domiciled and a resident of Royserford, Montgomery County, Pennsylvania.

### III.  JURISDICTION AND VENUE

5. This Court has jurisdiction over the parties and subject matter in this civil action pursuant to 28 U.S.C. § 1332(a) as the parties are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court also has jurisdiction over the parties and subject matter of this civil action pursuant to 28 U.S.C. § 1331 and 1338, in that the action arise in part under the laws of the United States of America, specifically, the Lanham Act, 15 U.S.C. § 1051, *et seq*.

7. Jurisdiction and venue are proper in this judicial district pursuant to the mandatory forum and venue selection clause contained in Section 19.4 of the Franchise Agreement, which, by its express terms, indicated that Nebraska law governs the parties' agreement. Both RTC and Rowlands consented to personal jurisdiction in Nebraska in the Franchise Agreement and supporting personal guaranty. In addition, this Court has personal jurisdiction over Defendants because they entered into a contract with Signal, whose principal place of business is located in Nebraska.

8. Venue is also proper in this Court pursuant to 28 U.S.C. §1391, as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

### IV.  FACTUAL BACKGROUND

9. Signal is the owner and franchisor of a business model for marketing and selling security services, executive protection services, and security consulting services.

10. Signal owns the mark and trade name "Signal TM", "Signal 88 Security," as well as other marks and logos, which are registered on the United States Patent and Trademark Office's Principal Register of Trademarks at Nos. 6,733,279 and 3,137,644, respectively (collectively, Signal's trademarks are called the "Proprietary Marks"). Signal has continually used and advertised the Proprietary Marks throughout the country.

11. Signal's franchisees are licensed to use Signal's Proprietary Marks and to operate under Signal's business system pursuant to the terms and conditions of the Signal franchise agreement entered into between each franchisee and Signal.

12. Signal's franchisees are also licensed to use Signal's proprietary business policies, trade secrets, procedures, manuals, software, customer information, and specifications for operations (collectively, "Confidential Information"), all of which are disclosed to Signal franchisees in confidence.

13. As part of its effort to maintain and protect its Proprietary Marks, and Confidential Information (collectively "Trade Secrets"), Signal requires franchisees to execute a franchise agreement (the "Franchise Agreement") which includes confidentiality provisions to prevent disclosure and unauthorized use of Signal's Trade Secrets. The Franchise Agreement acknowledge, *inter alia*, that a franchisee would be entrusted with Signal's Confidential Information, Proprietary Marks, etc., as part of the business relationship.

14. Pursuant to the Franchise Agreement, Signal's franchisees must pay Signal certain fees including an initial franchise fee, renewal fees, royalty fees, service fees, and partner fees, *inter alia*.

15. Also pursuant to the Franchise Agreement, franchisees agree, in consideration of the grant of a franchise and Confidential Information, not to compete with Signal in a specific region for a time-certain period or solicit Signal's customers.

16. On or about July 21, 2022, Signal and RTC entered into the Franchise Agreement in which RTC was granted to the right to operate as a Signal Franchisee in several zip codes in the state of Pennsylvania. A true and correct copy of the Franchise Agreement is attached hereto as **Exhibit A**.

17. Defendant Rowlands personally guaranteed and agreed to be bound by the Franchise Agreement and all its provisions, include the non-compete and non-solicitation provisions (the "Guaranty"). A true and correct copy of the Guaranty is attached hereto as **Exhibit B**.

18. Pursuant to Sections 1.6 and 5 of the Franchise Agreement, Defendants were required to pay certain fees to Signal based on the Gross Revenue related to or developed in connection with the franchise or the security industry.

19. Pursuant to Section 2.3 of the Franchise Agreement, Signal, as Franchisor, had the exclusive right to enter into contracts with customers for the performance of services. Franchisees are prohibited from entering into contracts with customers.

20. Pursuant to Section 6.5(b) of the Franchise Agreement, Defendants were required to purchase customer contract forms from Signal, its affiliates, or an approved supplier.

21. Pursuant to Section 6.5(e) of the Franchise Agreement, Defendants were prohibited from offering armed security services with the written and express consent of Signal and only if the Franchisee meets all legal requirements and any other conditions established by Signal prior to offering armed services.

22. Pursuant to Section 6.8 of the Franchise Agreement, Defendants were required to report all gross revenue to Signal via specified accounting systems required by Signal.

23. Pursuant to Section 6.12 of the Franchise Agreement, Franchisees agree to perform their services in accordance with the franchise operations manual and abide by the highest standards of honesty, integrity, professionalism, fair dealing, and ethical conduct in all business dealings with Signal.

24. Pursuant to Sections 11.1 and 11.4 of the Franchise Agreement, Defendants acknowledged that Signal is the owner of all right, title and interest in and to the Proprietary Marks, and agree to not use any Proprietary Mark in connection with the performance or sale of any unauthorized services or products, *inter alia*.

25. Pursuant to Section 16.3 of the Franchise Agreement, Defendants agreed that the use of any Confidential Information in any other business constitutes an unfair method of competition.

26. Pursuant to Section 17.2 of the Franchise Agreement, Defendants agreed not to operate a competitive business during the term of the Franchise Agreement within 75 miles of the specified territory and to not solicit customers of Signal.

### RTC's and Rowlands' Breaches of the Franchise Agreement

27. RTC and Rowlands materially breached Sections 17.2 and 2.3 of the Franchise Agreement because they are operating a competitive security business under the name RTC Security and unilaterally entering into customer contracts. Defendants used Signal's Proprietary Marks, Confidential Information, and customer contract forms to intentionally compete with Signal, a material breach of the Franchise Agreement.

28. RTC and Rowlands materially breached Section 12(a)(i) of the Franchise Agreement as they used Signal's Proprietary Mark's in the operation of a competitive business. Specifically, Defendants utilized a Signal customer contract to advise a customer that Defendants' competing business employees would be

"dressed in either RTC uniforms or Signal uniforms" to provide services. Defendants' use of Signals' Marks exceeded the scope of the license granted under the Franchise Agreement.

29. RTC and Rowlands materially breached Section 6.5(e) of the Franchise Agreement because they contemplated the performance of armed security services without the written and express consent of Signal.

30. RTC and Rowlands materially breached Sections 1.5 and 5 of the Franchise Agreement because they have not reported the Gross Revenue from the competitive business or paid fees due to Signal for revenues generated in the operation of the competitive business.

31. RTC and Rowlands materially breached Section 6.12 of the Franchise Agreement as they failed to abide by the highest standards of honesty, integrity, and fair dealing in all business dealings with Signal by operating a competitive business during the term of the Franchise Agreement.

### Termination of the Franchise Agreement and Breach of the Post-Termination Obligations

32. As a result of RTC's and Rowlands' material breaches of the Franchise Agreement, on September 2, 2025, Signal served RTC and Rowlands with a notice that the Franchise Agreement was terminated immediately pursuant to Sections 12.2(d), 12.2(h), 12.2(i), and 12.4(a)(i) of the Franchise Agreement (the "Termination Notice"). The Termination Notice is attached hereto as **Exhibit C**.

33. RTC and Rowlands have refused to comply with the post-termination obligations of the Franchise Agreement, as set forth below.

34. RTC and Rowlands have failed to immediately cease the operation of the Signal franchised business pursuant to Section 13.1 of the Franchise Agreement. As of the date of filing, RTC and Rowlands are still operating a competing business, soliciting Signal customers, and attempting to attain new insurance.

35. RTC and Rowlands have failed to immediately discontinue the use of all Proprietary Materials of Signal's franchise, including but not limited to the name, trademarks, promotional materials, systems, software, and signage, pursuant to Section 13.1 of the Franchise Agreement.

36. RTC and Rowlands have failed to deliver all promotional materials and any other materials containing the trademarks of Signal to Signal as required under Section 13.3 of the Franchise Agreement.

4930-6905-3541.1

37. RTC and Rowlands have failed to return all documents and materials containing Confidential Information, including but not limited to customer lists, contracts, and operations manuals as required by Section 13.4 of the Franchise Agreement.

38. RTC and Rowlands have failed to immediately assign and transfer to Signal all of Defendants' security and other business licenses as required under Section 13.6 of the Franchise Agreement.

39. RTC and Rowlands have failed to immediately cancel all assumed name or equivalent registrations relating to the use of the Marks by Defendants and authorize the transfer of all registrations, internet names, *inter alia* to Signal as required under Section 13.7 of the Franchise Agreement.

## COUNT I
## DECLARATORY JUDGMENT THAT THE FRANCHISE AGREEMENT AND NON-COMPETE AND NON-SOLICITATION PROVISIONS ARE ENFORCEABLE AGAINT DEFENDANTS

40. Signal incorporates the foregoing paragraphs as if fully set forth herein.

41. This is a claim for declaratory relief brought against Defendants RTC and Rowlands pursuant to the provisions of Neb. Rev. Stat. § 25-21,149 which empowers this Court to declare the rights and legal relations of the parties. These provisions are to be liberally construed and administered.

42. Upon information and belief, an actual controversy exists as to the enforceability of the Franchise Agreement and its non-compete and non-solicitation provisions which cannot be cured without the intervention of this Court.

43. In operating a competing business and targeting and soliciting Signal's customers, Defendants RTC and Rowlands are violating the Franchise Agreement by using materials, services, and information derived from Signal's Confidential Information and Proprietary Marks obtained during the term of the Franchise Agreement with Signal.

44. The Franchise Agreement and its non-compete and non-solicitation provisions therein are both reasonable and enforceable under Nebraska law.

**WHEREFORE**, Signal 88, LLC requests the Court to enter a declaratory judgment that, *inter alia*, the Franchise Agreement and its non-compete and non-solicitation provisions are valid and enforceable.

## COUNT II
## BREACH OF CONTRACT – NON COMPETE

45. Signal incorporates the foregoing paragraphs as if fully set forth herein.

46. The Franchise Agreement became effective on July 21, 2022.

47. Pursuant to Section 17.2 of the Franchise Agreement, RTC and Rowlands agreed to engage in or operate a competitive security business during the term of the Franchise Agreement and for two years after its expiration within a 75-mile radius of the territory defined in the Franchise Agreement. Signal's non-compete provisions in Section 17.2 protect the legitimate interests of Signal, impose no undue hardship on RTC and Rowlands, and are not injurious to the public.

48. RTC and Rowlands have and continue to operate a competitive business providing the same services as Signal's franchisees within the same territory where RTC and Rowlands operated as Signal franchisees (the "Competitive Business").

49. RTC and Rowlands are servicing customers that are within 75 miles of Signal's other franchisees in Pennsylvania.

50. RTC and Rowlands are damaging the customer goodwill and reputation built up under Signal's trademarks and Proprietary Information and they are interfering with Signal's ability to maintain a market presence in Pennsylvania.

51. Signal has no adequate remedy at law in that the damage to its Proprietary Information, Confidential Information, and other materials, and the consequential injury to consumer goodwill, cannot be compensated in monetary damages. The damages sustained by Signal as a result of the loss of its goodwill and the potential deception and harm to the consuming public cannot be ascertained nor can such harm be compensated solely in monetary damages.

52. As a direct and proximate result of RTC and Rowlands violation of the non-compete obligations, Signal has suffered and continues to suffer damage to its business, trade secrets, reputation, and goodwill.

53. Signal's immediate and irreparable harm will increase unless and until RTC and Rowlands are enjoined from violating their post-termination obligations and otherwise competing unfairly with Signal.

54. A preliminary and permanent injunction is the only method by which Signal can enforce RTC and Rowlands' non-compete obligations and prevent the

further usurpation of its Proprietary and Confidential information and trade secrets.

**WHEREFORE**, Signal 88, LLC demands judgment in its favor and against Defendants RTC Security Co., LLC, and Ward Rowlands, jointly and severally, as follows:

 a. That RTC Security Co., LLC, and Ward Rowlands be preliminarily and permanently enjoined and restrained from operating any competitive business that provides the security services to any party for a period of 24 months and within 75 miles of the territory defined in the Franchise Agreement and any currently franchisee of Signal from the date of Defendants' compliance with this Court's Order; and

 b. attorney's fees and costs incurred in bringing this action; and

 c. such further relief as this Court deems just and proper.

## COUNT III
## BREACH OF CONTRACT – PAST DUE FEES

 55. Signal incorporates the foregoing paragraphs as if fully set forth herein.

 56. By availing themselves to the benefits of the Franchise Agreement and the use of Signal's Proprietary Information, Confidential Information, trademarks, etc. granted solely to Signal franchisees, RTC and Rowlands are bound to the obligations and conditions of the Franchise Agreement.

 57. RTC and Rowlands' failure to accurately report the gross revenue and pay fees due to Signal for amounts generated due to the operation of the Competitive Business constitutes a breach of the Franchise Agreement.

 58. The portion of fees attributable to the unreported revenues now due and owing is peculiarly in the knowledge of RTC and Rowlands, and Signal now requires an accounting of the amount of said royalties and fees now due and owing.

 59. As a direct and proximate cause of RTC and Rowland's breach of the Franchise Agreement, Signal has suffered damages in an amount to be determined after an accounting. This amount will continue to grow as the case proceeds because unpaid amounts accrue late fees and interest pursuant to Section 5.8 of the Franchise Agreement.

**WHEREFORE**, Signal 88, LLC demands judgment in its favor and against Defendants RTC Security Co., LLC, and Ward Rowlands for an accounting of their gross revenues, royalty and other fees now due and owing, and as a result of such accounting, Signal demands judgment in its favor against RTC Security Co.,

4930-6905-3541.1

LLC and Ward Rowlands in an amount equal to the sums determined due under the Franchise Agreement by the accounting, together plus interest, costs, and attorney's fees, as well as any other relief as this court may deem just.

## COUNT IV
## BREACH OF CONTRACT – POST TERMINATION OBLIGATION

60. Signal incorporates the foregoing paragraphs as if fully set forth herein.

61. RTC and Rowlands have failed to comply with their obligations pursuant to Section 13 of the Franchise Agreement by, among other things, failing to (i) immediately cease the operation of the Signal franchised business, (ii) immediately discontinue the use of all Proprietary Materials of Signal's franchise, (iii) deliver all promotional materials and any other materials containing the trademarks of Signal to Signal, (iv) immediately assign and transfer to Signal all of Defendants' security and other business licenses, (v) immediately cancel all assumed name or equivalent registrations relating to the use of the Marks, and (vi) return all documents and materials containing Confidential Information, including but not limited to customer lists, contracts, and operations manuals.

62. As of the date of filing, Defendants RTC and Rowlands are still operating a competing business, soliciting Signal customers, and searching for new insurance, in direct material breach of the Franchise Agreement.

64. As a result, Defendants RTC and Rowlands are in material breach of their post-termination obligations under the Franchise Agreement.

65. RTC and Rowlands failure to comply with their post-termination obligations under Section 13 of the Franchise Agreement has caused and will continue to cause Signal immediate and irreparable injury because the damages cannot be readily calculated due to Defendants' conduct.

66. Signal has no adequate remedy at law because Signal cannot be adequately compensated for the deprivation and dilution of the consumer recognition and goodwill built up under Signal's trademarks as a result of Defendants' conduct.

67. Signal's immediate and irreparable harm will continue unless Defendants are ordered to comply with their post-termination obligations.

**WHEREFORE**, Signal 88, LLC demands judgment in its favor and against RTC Security Co., LLC, and Ward Rowlands, jointly and severally, as follows:

a. Preliminary and permanently enjoin RTC and Rowlands and their members, managers, agents, employees, entities and any person acting in concert

with them from using or interfering with Signal's operation of their formerly franchised businesses in any manner whatsoever;

 b. Enter a mandatory injunction that orders Defendants to comply with Section 13 of the Franchise Agreement and all subparagraphs therein;

 c. Award Signal attorneys' fees;

 d. Award Signal's costs in this action; and

 e. Order such further relief as this Court deems just and proper.

### COUNT V
### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

 68. Signal incorporates the foregoing paragraphs as if fully set forth herein.

 69. RTC and Rowlands have utilized and benefited from their unauthorized use of the Proprietary Marks in the operation of the Competitive Business without Signal's permission and with the knowledge that Signal has not consented to their use of the Proprietary Marks with the Competitive Business.

 70. RTC and Rowlands willfully intend to trade on Signal's reputation and to cause dilution of the Proprietary Marks.

 71. RTC and Rowlands are guilty of trademark infringement pursuant to the Lanham Act, 15 U.S.C. §1051, <u>et seq</u>. Defendants' unauthorized use of Signal's Proprietary Marks constitutes a false designation of origin and is likely to cause confusion, mistake or deception as to RTC and Rowlands being affiliated, connected or associated with Interim in violation of 15 U.S.C. §1125(a). The Defendants' conduct is also a violation of the common law of unfair competition and is an unfair trade practice under common law.

 72. RTC and Rowlands continued operation of the Competing Businesses, as set forth above, has caused and will cause Signal irreparable injury in that customers are being deceived by the Defendants as a result of Defendants offering and providing security services unlawfully using Signal's trademarks; business will be diverted from the Proprietary Marks; the Proprietary Marks will be diluted and taken from Signal's control; and Signal will lose profits and revenues, which, because of Defendants' conduct, cannot be readily calculated.

 73. Signal has no adequate remedy at law because Signal cannot be adequately compensated for the deprivation and dilution of the consumer

recognition and goodwill built up under the Proprietary Marks as a result of Defendants RTC and Rowlands' conduct.

74. Signal's immediate and irreparable harm will continue unless Defendants RTC and Rowlands are enjoined from continuing to use the Proprietary Marks.

**WHEREFORE**, Signal 88, LLC demands judgment in their favor against Defendants RTC Security Co., LLC, and Ward Rowlands, joint and severally, as follows:

    a. A preliminary and permanent injunction pursuant to Fed. R. Civ. P. 65 enjoining Defendants, and their respective agents, employees, and members, and any person acting in concert with them, from using the Proprietary Marks or any colorable imitation in any manner whatsoever;

    b. An accounting of and judgment for the profits to which Signal may be entitled;

    c. Treble damages pursuant to 15 U.S.C. §1117;

    d. An order requiring Defendants RTC and Rowlands to cease use of and/or de-register any Signal Proprietary Marks, their website, and deliver and/or destroy all labels, signs, prints, packages, wrappers, uniforms, and advertisements in their possession bearing the words and/or symbols that are the subject of the trademark or trade name violation or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, pursuant to 15 U.S.C. §1118;

    e. Punitive damages;

    f. Attorneys' fees;

    g. Costs of this action; and

    h. Such further relief as this Court deems just and proper.

## COUNT VI
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS AND BUSINESS EXPECTANCIES

75. Signal incorporates the foregoing paragraphs as if fully set forth herein.

76. Defendants RTC and Rowlands interfered with Signal's business relationship and expectancies with its customers, by using Signal's Confidential

Information, including information related to its customers, products, services, and operations, in attempt to target and solicit Signal's customers.

77. Defendants RTC's and Rowlands' intentional interference with Signal's business relationship and expectancy interest with its customers was neither proper nor privileged because it was in direct breach of the Franchise Agreement which prohibited Defendants from using, in whole or in part, any Confidential Information or other Proprietary Information accessed during the terms of the Franchise Agreement during the term and thereafter.

78. Defendants RTC's and Rowlands' actions were intended to, and did, interfere with and disrupt Signal's business relationship and expectancy with its customers.

79. As a direct, proximate, and legal result of Defendants' conduct, Signal has suffered and will continue to suffer immediate irreparable harm and damages.

**WHEREFORE**, Signal 88, LLC demands judgment in its favor and against RTC Security Co., LLC, and Ward Rowlands, jointly and severally, as follows:

a. For general, incidental, and consequential damages against Defendants in an amount to be proven at trial;

b. Attorneys' fees;

c. Costs of this action;

d. Punitive damages;

e. Other such relief as this Court deems just.

## COUNT VII
## MISAPPROPRIATION OF TRADE SECRETS

80. Signal incorporates the foregoing paragraphs as if fully set forth herein.

81. Signal's Trade Secrets and confidential information derive independent economic value from not being known to, and not being readily ascertainable by proper means by other persons, including competitors of Signal, who can obtain both economic value from their disclosure or use. Such Trade Secrets are used in Signal's business and give Signal an opportunity to obtain an advantage over competitors who do not know or use them. Signal has used reasonable efforts to maintain the secrecy of its Trade Secrets.

82. Defendants RTC and Rowlands have misappropriated and threatened to further misappropriate Signal's Trade Secrets, including Signal internal

proprietary software and information, customer information, specifications of services customers have purchased or received from Signal, without Signal's consent, in breach of Defendants' duty to maintain secrecy. Defendants' actions violate the Nebraska Trade Secrets Act, Neb. Rev. Stat. § 87-501 et seq.

83. Defendants RTC and Rowlands were entrusted with the Trade Secrets of Signal during their business relationship with Signal, which Signal does not share with its competitors. Defendants had an obligation to maintain the Trade Secrets as confidential and to use the information only for the benefit of Signal, the franchise and in furtherance of the permitted purposes for which such Trade Secrets could be used.

84. Defendants RTC and Rowlands have misappropriated the Trade Secrets of Signal as Defendants understood that the information was the property and confidential Trade Secrets of Signal. Defendants' possession of such Trade Secrets threaten harm to Signal which will be difficult if not impossible to calculate.

85. The only way to preclude such actual and threatened use of Signal's Trade Secrets is to enjoin Defendants, including any persons acting in concert with them, from such use. Signal is entitled to injunctive relief against Defendants and those acting in concert with them to prevent the actual, threatened, and inevitable misappropriation of its Trade Secrets. Such injunction should also preclude Defendants from working with or soliciting any of the customers whose information Defendants have misappropriated. Signal is further entitled to any damages, including lost profits that Defendants' actual or threatened misappropriation has caused it in an amount according to proof.

**WHEREFORE**, Signal 88, LLC demands judgment in its favor and against RTC Security Co., LLC, and Ward Rowlands, jointly and severally, as follows:

a. Enjoining Defendants from using or otherwise misappropriating or threatening to misappropriate Signal's Trade Secrets, including precluding Defendants and others acting in concert with them, from working with or soliciting any of the customers of Signal whose information Defendants misappropriated from Signal;

b. Awarding damages caused to Signal by the misappropriation of Trade Secrets in an amount to be proven at trial following accounting;

c. Awarding Signal a royalty for the use of the Trade Secrets;

d. Awarding Signal avoided costs and/or unjust enrichment;

e. Attorneys' fees;

f. Costs of this action;

g. Other such relief as this Court deems just.

## COUNT VIII
## FEDERAL DEFEND TRADE SECRETS ACT – 18 U.S.C. § 1836

86. Signal incorporates the foregoing paragraphs as if fully set forth herein.

87. Signal provides security service throughout the country. Therefore, Signal's Trade Secrets have been used in interstate commerce or are intended to be used in interstate commerce.

88. Defendants RTC and Rowlands are willfully and improperly using Signal's Trade Secrets and intend to disclose and use the Trade Secrets for their own financial benefit. Defendants have provided no justification for this use and know or should know the Trade Secrets are Signal's property. Use and disclosure of the Trade Secrets will irreparably harm Signal and destroy the value of the Trade Secrets.

89. Signal has not expressly or impliedly consented to Defendants' use or disclosure of the Trade Secrets in any way. Defendants' misappropriation was willful and malicious.

90. Defendants RTC and Rowlands have failed or refused to stop their misappropriation of Signal's Trade Secrets.

**WHEREFORE**, Signal 88, LLC demands judgment in its favor and against RTC Security Co., LLC, and Ward Rowlands, jointly and severally, as follows:

a. Enjoining Defendants from using or otherwise misappropriating or threatening to misappropriate Signal's Trade Secrets, including precluding Defendants and others acting in concert with them, from working with or soliciting any of the customers of Signal whose information Defendants misappropriated from Signal;

b. Awarding damages caused to Signal by the misappropriation of Trade Secrets in an amount to be proven at trial following accounting;

c. Awarding Signal a royalty for the use of the Trade Secrets;

d. Awarding Signal avoided costs and/or unjust enrichment;

e. Attorneys' fees;

f. Costs of this action;

g. Other such relief as this Court deems just.

## PRAYER FOR RELIEF

WHEREFORE, Signal 88, LLC requests that the Court enter a judgment as set forth above.

Signal 88, LLC demands a trial by jury.

Dated this 4th day of September, 2025.

                SIGNAL 88, LLC, Plaintiff

                By: /s/ *Steven R. Hogan, II*
                    Steven R. Hogan, II #26045
                    KUTAK ROCK LLP
                    The Omaha Building
                    1650 Farnam Street
                    Omaha, Nebraska 68102
                    (402) 346-6000
                    Steven.Hogan@kutakrock.com

4930-6905-3541.1