IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SIGNAL 88, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>RTC SECURITY CO. LLC and WARD ROWLANDS,<br><br>      Defendants. | 8:25CV537<br><br>MEMORANDUM<br>AND ORDER |

  This matter is before the Court on plaintiff Signal 88, LLC's ("Signal") *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction (Filing No. 7) filed against defendants RTC Security Co. LLC ("RTC") and Ward Rowlands ("Rowlands") on September 10, 2025. Rowlands is the sole member of RTC (collectively "defendants") and personally guaranteed RTC's obligations under Signal and RTC's franchise agreement dated July 21, 2022 ("Agreement"). Signal seeks a temporary restraining order ("TRO") and preliminary injunction to prevent the defendants from (1) being in contact with or going near Signal's client locations; (2) being in contact with or going near Signal's facilities, employees, franchisees, agents, or independent contractors; (3) operating any competitive security business within the seventy-five mile area defined by the Agreement; (4) using or interfering with Signal's operation of the defendants' formerly franchised business; (5) using the mark and trade name "Signal TM", "Signal 88 Security," as well as other marks and logos, which are registered on the United States Patent and Trademark Office's Principal Register of Trademarks at Nos.6,733,279 and 3,137,644, respectively (collectively, Signal's trademarks are called the "Proprietary Marks"); (6) using Signal's confidential information; and (7) working with or soliciting any customers of Signal. Signal also seeks (8) an order that RTC comply with the post-termination obligations in section 13 of the Agreement which concerns the return of confidential information.

On September 11, 2025, the Court held an *ex parte* hearing with Signal representative David Otto ("Otto") and Signal counsel Steven R. Hogan II ("Hogan") present. For the reasons explained below, the Court will grant some, but not all, of Signal's requests.

A plaintiff seeking a TRO under Federal Rule of Civil Procedure 65(b) must establish "special facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury" will result to the movant "before the adverse party can be heard in opposition." Furthermore, the movant's attorney must "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." *Id.*

Here, Signal presented an affidavit by Otto supporting Signal's motion for a TRO. Additionally, Signal presented an affidavit by Hogan outlining their attempts to give notice to defendants.[1] According to Hogan's affidavit, on August 28, 2025 Signal's co-counsel, Frank Reino ("Reino"), contacted counsel for defendants, Normal Valz, and notified him that Signal would be filing a lawsuit and seeking a restraining order and injunction to prevent further violation of the Agreement. On September 2, 2025, Reino again contacted the defendants' counsel in writing to terminate the Agreement and inform defendants of Signal's intent to seek injunctive relief. Defendants' counsel was notified via email on September 10, 2025 at 2:08 p.m. that a hearing on Signal's motion for a TRO was scheduled for September 11, 2025 at 1:30 p.m. Although another attorney representing the defendants, Justin Proper, did call the Court on the day of the hearing and expressed a general desire to attend, no representative of defendants attended. The Court finds that Signal has satisfied the prerequisites in Rule 65(b)(1).

In analyzing a motion for a TRO, the Court uses "the same [standard] as a motion for a preliminary injunction[.]" *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 664 (8th Cir. 2022). Before the Court grants such an "extraordinary remedy," *id.*, Signal must establish

---

[1] At the hearing, Signal provided evidence of its unsuccessful attempts to serve process on RTC and Rowlands.

four factors: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities weighs in its favor; and (4) the TRO is in the public interest. *See MPAY Inc. v. Erie Custom Computer Applications, Inc.*, 970 F.3d 1010, 1014 (8th Cir. 2020) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc)).

### I. Likelihood of Success on the Merits

While no single factor is dispositive, the "likelihood of success on the merits is the most significant factor[.]" *Laclede Gas Co. v. St. Charles County.*, 713 F.3d 413, 419 (8th Cir. 2013). Signal does not necessarily need to show more than a fifty percent likelihood that it will prevail on the merits, just a "fair chance[.]" *Cigna Corp. v. Bricker*, 103 F.4th 1336, 1343 (8th Cir. 2024). Signal's underlying claims include breach of contract, misappropriation of confidential information and trade secrets, trademark infringement, unfair competition, and tortious interference with business expectancies (Filing No. 1). Signal also seeks declaratory judgment that their non-compete and non-solicitation provisions in the Agreement are enforceable.

The Court has reviewed the complaint as well as the attached exhibits, including the Agreement.[2] Based on this limited record, Signal has met its burden of showing a likelihood of success on the merits of at least its contract and trademark infringement claims.

### II. Irreparable Harm

Signal must also show that they will suffer immediate and irreparable harm if the defendants' conduct is not enjoined. *See Dataphase*, 640 F.2d at 113. Irreparable harm is a much closer call. To show irreparable harm, Signal must establish that the harm is "certain and great and of such imminence that there is a clear and present need for equitable

---

[2]Based on the complaint and the evidence presented at the hearing, this Court has personal and subject matter jurisdiction over this matter and venue appears proper in this district.

relief." *H&R Block, Inc. v. Block, Inc.*, 58 F.4th 939, 951 (8th Cir. 2023) (internal quotation marks omitted). Irreparable harm exists "when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Cigna*, 103 F.4th at 1346 (quoting *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009). Said differently, injuries that can be remedied with money damages do not qualify as "irreparable harm." *Gen. Motors Corp.*, 563 F.3d at 319.

Signal argues that it may suffer in the form of lost customers, lost profits, and that potential damages to its reputation and goodwill are at issue. Otto testified at the hearing the reasons he believes these losses are difficult to quantify. Nevertheless, the Court does not find these specific harms to be "irreparable." *See MPAY*, 970 F.3d at 1020 ("[I]t appears that any harm [plaintiff] may suffer in the form of lost customers and lost profits is quantifiable and compensable with money damages."). Thus, the Court denies Signal's motion for a TRO with respect to requests (1), (3), (4), (6), (7), and (8).

However, Signal also alleges the defendants are infringing on their trademarks by continuing to use materials with Signal's Proprietary Marks after the termination of the Agreement. For example, Signal alleges that the defendants are advising clients that RTC employees may appear for shifts in Signal apparel. Regarding the unlicensed use of a trademark, the Eighth Circuit has explained "a finding that likelihood of confusion exists results in a presumption that a threat of irreparable harm exists." *Warner Bros. Ent. v. X One X Prods.*, 840 F.3d 971, 982 (8th Cir. 2016). Otto testified at the hearing that at least one customer has already expressed discontent and confusion to Signal regarding the dispute between Signal and the defendants. Signal has sufficiently alleged a likelihood of confusion exists between its trademarks and RTC, and a TRO restraining the defendants from unlicensed use of Signal's Proprietary Marks is warranted.

The Court is also concerned about the alleged harassing behavior by RTC and specifically Rowlands of Signal's other franchisees. While the Court recognizes *ex parte* hearings are inherently one-sided, Signal alleges that around 2:24 a.m. on September 8,

4

2025, a black SUV followed employees of Signal franchisee, Premier Atlantic Security Group, Inc., onto private property where the franchisee employees were conducting their regular patrol duties (Filing No. 7-8). According to Otto's testimony and an incident report, "[t]he driver of the SUV activated their high beams, accelerated toward [the employee's] vehicle as if attempting to collide" and later "[t]he black SUV followed and attempted to box [the employee's] vehicle into a dead-end area by flashing its lights and blocking his exit." (Filing No. 7-8). Fearing for their safety, the franchisee employees patrolling the site allegedly contacted local police. After police arrived, the black SUV returned, police initiated pursuit, and law enforcement allegedly "verified" Rowlands as the driver.

For these reasons, the Court concludes that Signal has met its burden of showing a likelihood of success on the merits and irreparable harm will result if RTC and Rowlands continue in their current course of conduct. Moreover, the Court finds that the balance of harms and the interests of the public favor granting the motion in part until a hearing on Signal's motion for a preliminary injunction can be heard.[3] Accordingly,

IT IS ORDERED:

1. The Motion for Temporary Restraining Order (Filing No. 7) is granted in part and denied in part, pending further hearing.

2. Until further order, RTC Security Co. LLC and Ward Rowlands shall not visit Signal franchisee's, Premier Atlantic Security Group, Inc., client locations to observe, patrol, or follow Signal franchisee employees.

3. Until further order, RTC Security Co. LLC and Ward Rowlands shall not use Signal's Proprietary Marks or any colorable imitation in any manner whatsoever, including but not limited to uniforms, signage, marketing materials, domain names, and correspondence.

---

[3]Rule 65(c) requires that Signal provide "security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." At the hearing, the Court found the appropriate security, given the nature of the restraints placed upon RTC and Rowlands, was in the amount of $5,000.00 cash.

4. This matter is scheduled for a hearing on a motion for a preliminary injunction on September 18, 2025 at 10:30 a.m., unless the parties inform the Court otherwise.

5. The provisions of this order shall remain in effect until the Preliminary Injunction Hearing, or until altered, amended, or vacated by the Court.

6. No later than the close of business on September 12, 2025, Signal 88, LLC shall provide security in the sum of $5,000.00 in cash, to be presented to and held by the Clerk of Court, for the payment of costs or damages as may be incurred or suffered by any party who is found to be wrongfully enjoined or restrained.

7. Signal 88, LLC shall immediately serve a copy of this order on RTC Security Co. LLC and Ward Rowlands through their identified legal counsel, Messrs. Valz and Proper.

8. Both parties' briefs, if any, shall be filed with the Clerk of Court on or before Wednesday, September 17, 2025 at 12:00 p.m.

Dated this 12th day of September 2025.

                    BY THE COURT:

                    Robert F. Rossiter, Jr.
                    Chief United States District Judge