IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SIGNAL 88, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RTC SECURITY CO. LLC and WARD ROWLANDS,<br><br>　　　　　　Defendants. | 8:25CV537<br><br>PRELIMINARY INJUNCTION ORDER |

　　This matter is again before the Court on plaintiff Signal 88, LLC's ("Signal") Motion for Temporary Restraining Order and Preliminary Injunction (Filing No. 7) filed against defendants RTC Security Co. LLC ("RTC") and Ward Rowlands ("Rowlands" and collectively, "defendants") on September 10, 2025. Rowlands is the sole member of RTC and personally guaranteed RTC's obligations under a franchise agreement between Signal and RTC executed July 21, 2022. Signal seeks a preliminary injunction under Federal Rule of Civil Procedure 65 enjoining the defendants from using Signal's trademarks without authorization and from visiting Signal franchisee's client locations to observe, patrol, or follow Signal franchisee employees during the course of their job duties.

　　On September 11, 2025, the Court held an *ex parte* hearing with Signal representative and Signal counsel present. As a result of that hearing, the Court entered a temporary order (Filing No. 14) enjoining the defendants from using any of Signal's trademarks, which are registered on the United States Patent and Trademark Office's Principal Register of Trademarks at Nos. 6,733,279 and 3,137,644 (collectively, "proprietary marks"). The Court also enjoined the defendants from visiting a Signal franchisee's client locations to observe, patrol, or follow Signal franchisee employees.

　　On September 18, 2025, the Court held a hearing on Signal's motion for a preliminary injunction with both parties present. In its supporting brief, Signal only asks

the Court to keep the two previously granted restrictions in place (Filing No. 17). At the hearing, Signal affirmed they were only asking the Court to continue the two restrictions in place and were not raising the other requests in their original motion (Filing No. 7).

The defendants oppose Signal's motion. To start, the defendants state they will not use any of Signal's proprietary marks. They also strongly dispute Signal's representation of the September 8, 2025 incident and deny any need for a preliminary injunction. In addition, both parties agree that there have been no similar altercations since September 8, 2025. For that reason, the Court denies Signal's request for preliminary injunction enjoining the defendants from visiting Signal franchisee client locations.

Before the Court grants a preliminary injunction, Signal must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities weighs in its favor; and (4) the preliminary injunction is in the public interest. *See MPAY Inc. v. Erie Custom Computer Applications, Inc.*, 970 F.3d 1010, 1014 (8th Cir. 2020) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc)). Having considered the *Dataphase* factors and both parties' arguments at the hearing, the Court will keep in place the order prohibiting the defendants from using any of Signal's proprietary marks during the pendency of the proceedings. Accordingly,

IT IS ORDERED:
1. Signal 88, LLC's Motion for Preliminary Injunction (Filing No. 7) is granted in part and denied in part.
2. Until further order, RTC Security Co. LLC and Ward Rowlands shall not use Signal's Proprietary Marks or any colorable imitation in any manner whatsoever, including, but not limited to, uniforms, signage, marketing materials, domain names, and correspondence.
3. This Court's prior restriction prohibiting RTC Security Co. LLC and Ward Rowlands "visiting Signal franchisee's, Premier Atlantic Security Group, Inc., client locations to observe, patrol, or follow Signal franchisee employees" is dissolved.

4. The $5,000.00 bond previously posted by plaintiff Signal 88, LLC and held by the Clerk of Court shall remain in place.

Dated this 19th day of September 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge